**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 24-12029 |
| ERICA JOLLY, | § | CHAPTER 7 |
| DEBTOR. | § | SECTION A |
| | § | |
| WILBUR J. (BILL) BABIN, JR., | § | |
|    PLAINTIFF, | § | |
| V. | § | ADV. NO. 25-1004 |
| ERICA JOLLY, | § | |
|    DEFENDANT. | § | |

**MEMORANDUM OPINION AND ORDER**

On October 16, 2024, (the "Petition Date"), Erica Jolly (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. [No. 24-12029, ECF Doc. 1]. On January 14, 2025, the Trustee filed the Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)–(5) and/or (a)(6). [ECF Doc. 1].

This Court held trial on June 24, 2025, to decide the claims alleged in the above-captioned adversary proceeding. The Court heard testimony from Wilbur J. (Bill) Babin, Jr. (the "Plaintiff" or the "Trustee"). During the trial, the Court admitted Plaintiff's Exhibits P-1 through P-6 into evidence. [ECF Doc. 17]. The Debtor failed to appear at the Trial.

Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court now makes the following findings of fact and conclusions of law and concludes that the Debtor's discharge is denied pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(5).[1]

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FINDINGS OF FACT

1. **Section 341 Meeting of Creditors and Appointment of Trustee.** The United States Trustee appointed the Trustee on an interim basis for the above-captioned bankruptcy case on October 16, 2024. [No. 24-12029, ECF Doc. 8]. The Trustee held the mandatory meeting of creditors pursuant to 11 U.S.C. § 341 on November 21, 2024, and the United States Trustee confirmed the Trustee as the Chapter 7 Trustee for the above-captioned bankruptcy case. [No. 24-12029, ECF Doc. 11].

2. **Complaint.** On January 14, 2025, the Trustee timely filed the Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)–(5) and/or (a)(6). [ECF Doc. 1].

3. **Scheduling Order.** On March 7, 2024, this Court entered an Order fixing the telephonic scheduling conference for March 24, 2024, at 10:00 a.m. [ECF Doc 8]. The Order fixing the scheduling conference was properly noticed and served on all parties, including the

---

[1] To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

Debtor and counsel for the Debtor. [ECF Doc. 9]. The Court held a telephonic scheduling conference on March 24, 2025. Counsel for the Debtor and the Debtor did not attend the scheduling conference, despite receiving notice. [ECF Doc. 9]. The Court entered the scheduling order (the "Scheduling Order") on March 24, 2025, [ECF Doc. 10]. The Scheduling Order set a final telephonic Pretrial Conference on Tuesday, June 17, 2025, at 9:00 a.m. and set this matter for an in-person trial ("Trial") on Tuesday, June 24, 2025, at 9:30 a.m. at the U.S. Bankruptcy Court, Eastern District of Louisiana, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana. The Scheduling Order was properly noticed and served on all parties, including the Debtor and counsel for the Debtor. [ECF Doc. 11].

4. **Trial.** At the Trial, the Trustee testified. The Court finds the Trustee to be a credible and earnest witness. Counsel for the Defendant did not call any witnesses to testify.

## CONCLUSIONS OF LAW

5. **Denial of Discharge under 11 U.S.C. § 727(a)(2).** The Court finds that the Trustee met his burden of proof at Trial under 11 U.S.C. § 727(a)(2). *See* Hr'g Rec'g 10:28 (June 24, 2025). The evidence and testimony presented at Trial established that in the month preceding the Petition Date, the Debtor transferred approximately $5,188.00 to her son, Donald Jolly, which included a transfer of $4,340.00 on October 15, 2024, on the eve of filing for bankruptcy. *See* Hr'g Rec'g 9:37–:38. No satisfactory explanation or justification for the transfer was provided pretrial to the Trustee or to the Court during the Trial and no evidence suggested that those funds belonged to anyone but the Debtor. The Court finds that this transfer, within one year prior to bankruptcy, was made with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code. Accordingly, the Court concludes that a denial of the Debtor's discharge is warranted under 11 U.S.C. § 727(a)(2).

6. **Denial of Discharge under 11 U.S.C. § 727(a)(5).** The Court finds that the Trustee met his burden of proof at Trial under 11 U.S.C. § 727(a)(5). *See* Hr'g Rec'g 10:31–:32. The evidence presented by the Trustee revealed that the Debtor has failed to satisfactorily explain the loss of approximately $5,188.00 in assets that were transferred from the Debtor to her son, Donald Jolly, which could have otherwise been used to make a meaningful distribution to her creditors. *See* Hr'g Rec'g 10:31–:33. Accordingly, the Court concludes that a denial of the Debtor's discharge is warranted under 11 U.S.C. § 727(a)(5).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the relief sought in the Complaint is **GRANTED.**

A separate judgment on the Complaint consistent with this Memorandum Opinion and Order will be entered contemporaneously and in accordance with Bankruptcy Rules 7054 and 9021.

New Orleans, Louisiana, July 1, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE